UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

BRIAN S. COLLIER,

        Plaintiff,

  v.                                        CAUSE NO. 3:23-CV-1008 DRL-MGG

AMY K. COLLIER,

        Defendant.

## OPINION AND ORDER

Brian Collier, proceeding *pro se*, filed a motion requesting that the court reconsider its decision and alter or amend its judgment dismissing his case under Federal Rule of Civil Procedure 59 [11]. The court previously dismissed Mr. Collier's case for lack of subject matter jurisdiction [8] and now denies his reconsideration motion [11].

A motion to reconsider serves "a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Caisse Nationale de Credit Agricole v. CBI Industries, Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996) (citations omitted). A motion for reconsideration may be appropriate where the court has misunderstood a party, made a decision outside of the issues presented by the parties, made an error of apprehension, where a significant change in the law has occurred, or where significant new facts have been discovered. *Broaddus v. Shields*, 665 F.3d 846, 860 (7th Cir. 2011) (overruled on other grounds) (citing *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990)). A reconsideration motion is not a vehicle to rehash soundly rejected arguments. *See, e.g., Vesely v. Armslist LLC*, 762 F.3d 661, 666 (7th Cir. 2014).

Mr. Collier still bears the burden of establishing that this case lies within the court's limited subject matter jurisdiction, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994), and his new filing hasn't explained why the court has subject matter jurisdiction, provided any new facts, or

pointed to a change in law. The parties are not diverse, his case doesn't pose a federal question, and it still presents domestic matters over which federal courts do not have jurisdiction. His complaint against Amy Collier is for interference with parental rights and alienation of children's affection, and he seeks a determination regarding his divorce decree [11 at 3]. He asks the court to rely on its equitable powers, but the court cannot act without jurisdiction. Fed. R. Civ. P. 12(h)(3). He admits that his claims are "directly related with domestic matters," and federal courts are precluded from exercising jurisdiction over these claims [11 at 6]. *Dawaji v. Askar*, 618 F. Appx. 858, 860 (7th Cir. 2015). Nothing in Mr. Collier's motion changes that.

Although he doesn't raise it as a claim, Mr. Collier briefly references "due process" and parental rights. "To maintain a due process action, a plaintiff must establish that a state actor has deprived him of a constitutionally protected liberty or property interest without due process of law." *Dupuy v. Samuels*, 397 F.3d 493, 503 (7th Cir. 2005). Ms. Collier, the only named defendant in this case, is a private citizen, not a state actor, and Mr. Collier hasn't provided any facts indicating that she was acting under the color of state law to state a colorable claim.[1]

Accordingly, the court DENIES Mr. Colliers' motion for reconsideration [11].

SO ORDERED.

February 13, 2024                                  *s/ Damon R. Leichty*
                                                   Judge, United States District Court

---

[1] The statute cited by Mr. Collier, 28 U.S.C. § 1343, also requires involvement in a conspiracy, power to prevent an action from occurring, or action under state law. The statute also addresses voting, not the kinds of domestic disputes his case raises.